Mathew K. Higbee, Esq. (SBN 11158)
Higbee & Associates
2445 Fire Mesa Street, Ste 150
Las Vegas, NV 89128
Phone: (714) 617-8385
Fax: (714) 617-8511
consumeradvocacy@higbeeassociates.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA
### RENO DIVISION

| | |
|---|---|
| NIKKI VAN-ORMAN, on behalf of herself and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>CLIENT SERVICES, INC,<br><br>  Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**(Unlawful Debt Collection Practices)** |

### COMPLAINT

NOW COMES Plaintiff, NIKKI VAN-ORMAN ("Plaintiff"), a Nevada resident, by and through her attorneys, submits this Class Action Complaint against Defendant, CLIENT SERVICES, INC. ("Defendant"), individually and on behalf of a class of all other similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…were inadequate to protect consumer,"

and that, effective collection of debts does not require a "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b)(c).

Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Congress passed the FDCPA to give consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692(k).

"The CFPB has authority to issue substantive rules for debt collection under the FDCPA." *Zweigenhaft v. Receivables Performance Mgmt., LLC.*, 2014 U.S. Dist. LEXIS 160441, at 9 n.2 (E.D.N.Y. Nov. 13, 2014). A collection notice that may confuse or mislead the least sophisticated consumer is deceptive under the FDCPA where "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996); accord *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 450 (3rd Cir. 2006); *Kistener v. Law Offices of Michael P. Margelefsk, LLC,* 518 F.3d 433, 441 (6th Cir. 2008); *Gonzalez v. Arrow Fin. Servs., LLC,* 660 F.3d 1055 (9th Cir. 2011) (conditional language on liability such as "may" or "if" may render a true statement misleading). According to guidance published by the Consumer Financial Protection Bureau (hereinafter "CFPB"), a debt collector's representation to a consumer that paying debts may improve the consumer's creditworthiness or "enhance the likelihood that a consumer will subsequently receive credit from a lender" may be deceptive. *CFPD Bulletin 2013-08 – Representations Regarding Effect of Debt Payments on Credit Reports and Scores* (July 10, 2013). Available at *http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf.*

Courts appropriately consider guidance in CFPB Bulletins and other publications to determine whether a given statement or communication violates the FDCPA. *See, e.g., Zweigenhaft; Bautz v. ARS Nat'l Servs.,* 226 F. Supp. 3d 131, 148 (E.D.N.Y. 2016); *Portalatin*

*v. Blatt,* 125 F. Supp. 3d 810, 816 (N.D. Ill. 2015) (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.,* 559 U.S. 573, 130 S. Ct. 1605 (2010)); *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 573 (S.D. Tex. 2015); *Buchanan v. Northland Grp*, 776 F. 3d 393, 398 (6th Cir. 2015); *Oberg v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 2015 U.S. Dist. Lexis 172439, at 9 (N.D. Ill. Dec 29, 2015).  Courts frequently adjure debt collectors to look to consumer protection agencies for compliance with the FDCPA, as the rules, guidance and advisory opinions issued by these agencies are supported by extrinsic scientific studies and research to determine whether certain collection practices are likely to deceive the least sophisticated consumer. *See Bautz;* and *Portalatin (citing Jerman) (*"the whole point of authorizing the CFPA to produce advisory opinions is to encourage debt collectors to seek CFPB guidance regarding the meaning of the FDCPA"); *Oberg* at 9 ("[Section 1692(k)(e)] provides that a debt collector that acts in reliance on a CFPB advisory opinion cannot be held liable even if the CFPB advisory opinion is later rescinded or reversed, either by the agency or by judicial decision.")

This class action arises under the FDCPA.

## Jurisdiction and Venue

1. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1331.

2. Because Defendant conducts business in Nevada, personal jurisdiction is established

3. Venue is proper in the United States District Court District of Nevada pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Nature of the Action

4. Plaintiff brings this class action complaint on behalf of a class of Nevada consumer seeking redress for Defendant's actions of using a misleading, deceptive, unfair and unconscionable means to collect a debt.

5. Defendant's actions violated 15 U.S.C. § 1692 *et seq.*, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## Parties

7. Plaintiff is a natural person residing in Elko County in the city of Spring Creek, Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

8. Defendant is a business entity conducting business in the state of Nevada, and has its principal place of business in Saint Charles, MO.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly debts owed or du, or asserted to be owed or due to another.

10. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Factual Allegations Specific to Nikki Van-Orman

11. Plaintiff is obligated, or allegedly obligated, to pay a debt ("Debt") as to Chase Bank USA, N.A.

12. The Debt arises from transactions in which the money, property, insurance, or services were incurred primarily for personal, family, or household purposes.

13. In an attempt to collect the Debt, on or around October 13, 2017, Defendant sent Plaintiff a collection letter (hereinafter, the "Letter"). *See* Exhibit A.

14. The Letter states, in pertinent part: "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.*"

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2).

16. Upon information and good faith belief, Defendant, as a matter of pattern and practice, and in connection with the collection of debts, sends letters to consumers that are materially identical to the Letter that it sent to Plaintiff on or around October 13, 2017.

### Class Allegations

17. Plaintiff brings this claim on behalf of herself and others similarly situated pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23.

18. Plaintiff seeks to represent herself and a consumer class of individuals (the "Class") defined as:

   a. all persons similarly situated (1) in the State of Nevada, (2) from whom Defendant attempted to collect a consumer debt, (3) within one year before the date of this Complaint, (4) using the same, materially identical, Letter that was sent to Plaintiff on October 13, 2017.

19. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds and/or thousands of persons (*See* Exhibit A)

   b. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These

    common questions of law and fact include, without limitation:

    i.      Whether Defendant violated various provisions of the FDCPA;

    ii.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

    iii.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applies in determining such damages and restitution; and

    iv.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Plaintiff has no interest adverse of antagonistic to the interest of the other members of the Class.

e. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

f. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as

monetary damages. If Defendant's conduct is allowed to proceed without remedy, Defendant will continue to reap and retain the proceeds of its ill-gotten gains.

  h. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**Count I**
**Violation of 15 U.S.C. § 1692e**

20. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

21. Section 1692e of the FDCPA states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. Defendant's October 13, 2017 letter, the Letter, states: *"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."* Exhibit A

23. Defendant sent the Letter in connection with its attempts to collect the Debt.

24. This language falsely implied that if Plaintiff does the converse – that is, pays the claimed balance in full rather than agreeing to the lesser settlement amount – Plaintiff could enhance her likelihood of receiving future credit products from Chase Bank or improve her overall creditworthiness.

25. The Letter is also deceptive and misleading in that it implies that the consumer may enhance her likelihood of approval for credit products by paying the claimed debt in full rather than the reduced settlement amount.

26. The Letter violates Section 1692e of the FDCPA.

//

## Count II
## Violation of 15 U.S.C. § 1692e(10)

27. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

28. Section 1692e(10) of the FDCPA states "…the following is a violation of [Section 1692e]…The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

29. Defendant's October 13, 2017 letter, the Letter, states: *"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."* Exhibit A.

30. Defendant sent the Letter in connection with its attempts to collect the Debt.

31. The Letter falsely represents, by implication, that payment in full, rather than settlement, would enhance her likelihood of receiving future credit products or enhanced overall creditworthiness.

32. The Letter violates Section 1692e(10) of the FDCPA.

## Count III
## Violation of 15 U.S.C. § 1692f

33. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

34. Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant's October 13, 2017 letter, the Letter, states: *"If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."* Exhibit A.

36. Defendant sent the Letter in connection with its attempts to collect the Debt.

37. The Letter uses unfair means to collect or attempt to collect the alleged debt, by implication, that Plaintiff's full payment would result in Defendant granting her more favorable credit terms in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. Declaring that this action is properly maintainable as a Class Action;

b. Certifying Plaintiff as Class Representative;

c. Certifying Plaintiff's counsel as Class Counsel;

d. Adjudicating that Defendant violated 15 U.S.C. §§ 1692(e), 1692(e)(10), and 1692(f);

e. Awarding Plaintiff and the Class statutory damages;

f. Awarding Plaintiff and the Class actual damages;

g. Awarding Plaintiff and the Class reasonable attorneys' fees and costs incurred in this Action;

h. Awarding pre-judgment interest and post-judgment interest; and

i. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and appropriate.

DATED: July 20, 2018

RESPECTFULLY SUBMITTED,

By: */s/ Mathew K. Higbee*
Mathew K. Higbee, Esq. (SBN 11158)
Higbee & Associates
2445 Fire Mesa Street, Ste 150
Las Vegas, NV 89128
Phone: (714) 617-8385
Fax: (714) 617-8511
consumeradvocacy@higbeeassociates.com
Attorney for Plaintiff

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: July 20, 2018

RESPECTFULLY SUBMITTED,

By: */s/ Mathew K. Higbee*
Mathew K. Higbee, Esq. (SBN 11158)
Higbee & Associates
2445 Fire Mesa Street, Ste 150
Las Vegas, NV 89128
Phone: (714) 617-8385
Fax: (714) 617-8511
consumeradvocacy@higbeeassociates.com
Attorney for Plaintiff